UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Town Centers Development Company, Inc,           Case No.: 12-41140-wsd
         Chapter 11
         Debtor.          Hon. Walter Shapero
_____/

Town Centers Development Company, Inc,

     Plaintiff,

v.          Adv. Pro. No.: 14-04820

River Birch Bend One, LLC and
Shelby Township,

     Defendants.
_____/

## OPINION IN CONNECTION WITH MOTIONS TO DISMISS ADVERSARY PROCEEDING AND PERMISSIVE ABSTENTION

Town Centers Development Company, Inc ("Plaintiff"), which is also the debtor in the underlying Chapter 11 bankruptcy, filed this adversary proceeding against River Birch Bend One, LLC ("River Birch") and Shelby Township ("Shelby" and together, "Defendants"). Plaintiff was the developer of a real estate project in Shelby Township, Michigan that is now defunct. Plaintiff and River Birch hold some real estate ownership interests associated with that project. River Birch apparently plans construction that deviates from the project's original architectural codes. Town Center Flats, LLC, an entity affiliated with Plaintiff and sharing the same principal with Plaintiff, previously initiated two suits in Macomb Circuit Court ("State Court") that were heard by the same judge. The first was filed against Shelby and the second was filed against Redwood Acquisitions, LLC (which is an affiliate of River Birch). Both State Court

1

cases were dismissed on the merits and the dismissal of the first was affirmed on appeal. Plaintiff was not a party to those State Court proceedings, though it appears that Plaintiff had or was afforded the opportunity to participate, but declined to do so. The substance of the claims made in the State Court proceedings were similar, if not virtually identical, to those in the present adversary proceeding, in which Plaintiff's Amended Complaint asserts two counts: Count 1 is for injunctive relief against both Defendants, seeking to preclude them from moving forward with the new construction that deviates from the original architectural codes; Count 2 seeks unspecified monetary damages on a theory of inverse condemnation, based upon Plaintiff's alleged injury for the diminution of the value of its realty interests as a result of Defendants' conduct. River Birch and Shelby each filed, and there are both before the Court, separate Motions to Dismiss Amended Complaint.

The dismissal of a complaint for failure to state a claim is governed by Fed.R.Civ.P. 12(b)(6), which is made applicable to this proceeding by Fed.R.Bankr.P. 7012(b). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Shelby's motion to dismiss is based on: (a) this Court lacking jurisdiction to hear Plaintiff's Amended Complaint; (b) the *res judicata* and collateral estoppel effect of the prior State Court proceedings; and (c) Shelby having no ability to enforce the restrictive covenants in the realty deeds, which are private contracts to which Shelby is not a party. River Birch did not file a concurrence with Shelby's motion, although there is considerable (but not complete) overlap in their arguments. River Birch's own motion to dismiss is based on: (a) the *res judicata* and collateral estoppel effect of the prior State Court proceedings; (b) the relevant architectural codes being invalid and unenforceable; and (c)

2

inverse condemnation under Michigan law being viable or assertable only against a government unit and not against a private party. Shelby filed a concurrence with River Birch's motion.

The involvement of River Birch and Shelby in the substance of Plaintiff's Chapter 11 bankruptcy case is to be noted. Neither has filed a proof of claim against Plaintiff and the deadline for filing proofs of claim passed on May 23, 2012. Plaintiff's bankruptcy schedules do not indicate any debts owed to River Birch. Plaintiff's Schedules E and F indicate unsecured tax debts owed to Shelby, but such are not at all related to the substance of Plaintiff's Amended Complaint. River Birch and Shelby have not objected to the confirmation of Plaintiff's proposed Chapter 11 plan (the most recent plan was filed on December 3, 2012 and confirmation of that plan, or a revised plan, is being further pursued).

The Court first considers whether it has subject matter jurisdiction to hear and decide Plaintiff's Amended Complaint and issue a final judgment. In *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012), the Sixth Circuit discussed the limitations on a bankruptcy court's jurisdiction in light of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and opined:

> *Stern* thus provides a summary of the law in this area: When a debtor pleads an action under federal bankruptcy law and seeks disallowance of a creditor's proof of claim against the estate—as in *Katchen*—the bankruptcy court's authority is at its constitutional maximum. 131 S.Ct. at 2617–18. But when a debtor pleads an action arising only under state-law, as in *Northern Pipeline*; or when the debtor pleads an action that would augment the bankrupt estate, but not "necessarily be resolved in the claims allowance process[,]" 131 S.Ct. at 2618; then the bankruptcy court is constitutionally prohibited from entering final judgment. *Id.* at 2614.

In light of this authority and Shelby having raised a jurisdiction issue, at the October 30, 2014 hearing the Court specifically asked Plaintiff for the basis of the Court's jurisdiction to hear and adjudicate the Amended Complaint. Plaintiff conceded that its Amended Complaint is based entirely on state law claims and contended that it is a "non-core" proceeding falling under the

Court's "related to" jurisdiction. *See* 28 U.S.C. §§ 157(b)(2) and 1334(b). Plaintiff argues that the Amended Complaint will have a substantial impact on Plaintiff's core business, its bankruptcy estate, and its Chapter 11 reorganization, and that this Court has subject matter jurisdiction over the adversary proceeding because (a) the party bringing the adversary proceeding is also the debtor in the underlying bankruptcy case; and (b) as noted, the adversary proceeding could have a substantial impact on that debtor's bankruptcy case.

The Amended Complaint before this Court is not related to the bankruptcy claims allowance process. As noted, neither River Birch or Shelby have even filed a proof of claim in the bankruptcy case nor asserted any debt owing them by Plaintiff that is even remotely related to the substance of the Amended Complaint. In *Stern*, the Supreme Court held that the bankruptcy court could not constitutionally enter final judgment on the state law claim. 131 S. Ct. at 2601. The state law claim in *Stern* was at least substantively anchored or tied to the bankruptcy claims process, i.e.: a creditor filed a proof of claim against the debtor and the debtor asserted that state law claim as a *counterclaim* against the creditor. *Id.* Plaintiff's Amended Complaint in this case, on the other hand, is not in any way related to a claim in the bankruptcy case. On the contrary, it is only thinly and tenuously related to the bankruptcy case in any sense. That it might have some (and more likely) post confirmation effect on Plaintiff's ongoing activities or the value of its assets at some undetermined future date and to some presently undeterminable extent is not sufficient to invoke this Court's jurisdiction. Thus, the Court concludes that in any event, it does not have authority to enter a final judgment on Plaintiff's Amended Complaint, but instead could only submit proposed findings of fact and conclusions of law to the U.S. District Court for *de novo* review. *Id.* at 2604 (citing 28 U.S.C. § 157(c)(1)).

Further, the Court concludes that even if there existed sufficient relationship to support

jurisdiction to the indicated limited extent, it should permissively abstain from hearing Plaintiff's Amended Complaint altogether. 28 U.S.C. § 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." A court may raise the issue of permissive abstention *sua sponte*. *In re Best Reception Sys., Inc.*, 220 B.R. 932, 952 (Bankr. E.D. Tenn. 1998) (citing *Gober v. Terra + Corp.*, 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996)). Although the parties here did not explicitly address in their briefing the issue of permissive abstention, they effectively and sufficiently discussed in considerable depth several of the relevant abstention criteria and the Court believes that any further briefing on the subject is unnecessary and would be unavailing.. The permissive abstention factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

*Watson v. Zigila*, 2010 WL 3582504 at *5 (E.D. Mich. Sept. 13, 2010). Of the above factors that are relevant, virtually all weigh strongly in favor of permissive abstention. The first factor

5

strongly favors permissive abstention because, as noted, Plaintiff's Amended Complaint has little or no recognizable bearing on the administration of the bankruptcy estate and the plan confirmation process. The second factor strongly favors permissive abstention because Plaintiff's Amended Complaint is admittedly based entirely on state law issues. As to the fourth factor, no proceeding between these specific parties has yet been commenced in the State Court or any other court. However, such is only a factor and not a necessary requirement for permissive abstention (although it is a requirement for *mandatory* abstention under 28 U.S.C. § 1334(c)(2)). *Gober*, 100 F.3d at 1206-07. The sixth factor strongly favors permissive abstention because Plaintiff's Amended Complaint is, as noted, quite remote to the bankruptcy case. It is of limited value that Plaintiff is also the debtor in the underlying bankruptcy and that Plaintiff's success in the adversary proceeding could recover money to augment its bankruptcy estate, or to determine its state law land use rights. Plaintiff relies too heavily on these facts. A bankruptcy court cannot (and should not) be the arbiter of any and all claims of damages that a debtor might have, irrespective of the nature of those claims and their relatedness to the bankruptcy. *See In re Robinson*, 2012 WL 3638007, at *4 (Bankr. W.D.N.C. Aug. 22, 2012) ("Although the Debtor is the plaintiff in this adversary proceeding rather than the defendant, her claims against BB & T are purely state law matters that exist independent of her bankruptcy case and do not need to be resolved in the process of ruling on BB & T's proof of claim. Given this court's lack of constitutional authority to enter a final order or judgment in this matter, it appears that it would be more economical and expeditious for it to be heard by the state court."). The seventh factor strongly favors permissive abstention because Plaintiff's Amended Complaint, as noted, is based entirely on state law claims and is almost totally unrelated to the bankruptcy case. The eighth factor strongly favors permissive abstention because Plaintiff's Amended Complaint can be

6

easily brought in the State Court and, if Plaintiff augments its bankruptcy estate by recovering money from Defendants and/or determines its state law land use rights, such can be factored by this Court into Plaintiff's Chapter 11 reorganization. The tenth factor strongly favors permissive abstention because it is either obvious or Plaintiff frankly admitted that, in a sense, it engaged in a form of forum-shopping by filing the Amended Complaint in this Court. Plaintiff stated at the hearing that it was dissatisfied with the level of consideration that the State Court was giving Plaintiff's claims and believed this Court would be better suited to hear its case. This factor also leads the Court to conclude that permissive abstention is the appropriate result, rather than sending proposed findings of fact and conclusions of law to the U.S. District Court for *de novo* review, which would have the effect of inevitably and needlessly prolonging the litigation. The issues of comity with the State Court and judicial economy weigh strongly against sending proposed findings of fact and conclusions of law to the U.S. District Court. *See In re Schofield*, 2014 WL 1477395, at *3 (Bankr. D. Mass. Apr. 15, 2014) ("Justice is served because it would be wasteful, duplicative, and confusing for a bankruptcy court and U.S. District Court to be involved in a matter that in any event must go forward in the state Probate Court; and comity is served because of the strong interest, and indeed exclusive jurisdiction, that the state Probate Court has in control over the assets of the probate estate."). Finally, given the prior litigation in the State Court and likely also involved *res judicata* and collateral estoppel issues, the State Court is the better and most expeditious forum for their adjudication ..

Therefore, because virtually all of the criteria for permissive abstention are strongly implicated, this Court decides now that it will abstain from this adversary proceeding in its entirety, thus rendering moot any of the other arguments raised in Defendants' motions to dismiss. Shelby shall present an appropriate order.

**Signed on November 06, 2014**

/s/ Walter Shapero
**Walter Shapero**
**United States Bankruptcy Judge**